**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

PAMELA G. ADAMS,

    Plaintiff,

v.

                                Case No. 3:19-cv-02580

ROUNDPOINT MORTGAGE
SERVICING CORPORATION,

    Defendants.

## COMPLAINT

NOW COMES Plaintiff, PAMELA G. ADAMS, through counsel, SULAIMAN LAW GROUP, LTD., complaining of Defendant, ROUNDPOINT MORTGAGE SERVICING CORPORATION, as follows:

### NATURE OF THE ACTION

1.      This action seeks damages for Defendant's willful and/or negligent violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

### JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.      Venue in this district is proper under 28 U.S.C. § 1391(b)(1).

### PARTIES

4.      PAMELA G. ADAMS ("Plaintiff") is a natural person, who at all times relevant resided in Hot Springs, Arkansas.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. §§ 1681a(b) and (c).

6.      Plaintiff is a "person" as defined by 15 U.S.C. § 1681a(b).

7.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8.      ROUNDPOINT MORTGAGE SERVICING CORPORATION ("RoundPoint Mortgage") is a corporation organized under the laws of Delaware.

9.      RoundPoint Mortgage maintains substantial, continuous and/or systematic contacts in this District.

10.      Specifically, RoundPoint Mortgage maintains an operations center/office at 17300 Preston Road, Suite E210, Dallas, Texas 75252[1].

11.      Moreover, RoundPoint Mortgage maintains employees, mailing addresses and telephone numbers in this District.

12.      RoundPoint Mortgage is a "furnisher of information" as defined by 15 U.S.C. § 1681s-2.

13.      RoundPoint Mortgage is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it uses instrumentalities of interstate commerce and the mail in its business.

14.      The principal purpose of RoundPoint Mortgage's business is the collection of debt owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

15.      On July November 16, 2009, Plaintiff executed a mortgage (the "Mortgage") in favor of Stearns Lending, Inc.

16.      The Mortgage secured the purchase of Plaintiff's personal residence located at 1308 20th Street, Zion, Illinois 60099 (the "Property").

---

[1] "[W]e are one of the nation's largest, fully integrated, non-bank mortgage servicing companies with offices located in Charlotte, NC and Dallas, TX.  https://www.rpmservicing.com/about (last accessed October 30, 2019)

17.     The Mortgage secured the repayment of the indebtedness evidenced by a promissory note in the amount of $214,672.00 (the "Loan").

18.     On September 30, 2013, Plaintiff filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

19.     Simultaneously with the voluntary petition, Plaintiff filed her original Chapter 13 plan.

20.     Plaintiff's Modified Chapter 13 Plan, dated November 4, 2013, was confirmed on February 21, 2014 (the "Confirmed Plan").

21.     The Confirmed Plan provides:

■      **A check in this box indicates that the plan contains special provisions, set out in Section G.   Otherwise, the plan includes no provisions deviating from the model plan adopted by the court at the time of the filing of this case.**

***

**Section G.**   *Special terms.*

Notwithstanding anything to the contrary set forth above, this Plan shall include the provisions set forth in the box following the signatures.   The provisions will not be effective unless there is a check in the notice box preceding Section A.

***

**Special Terms** *[as provided in Paragraph G]*

1.  Debtors are surrendering the real property located at 1308 20th Street, Zion, Illinois to Bank of America, N.A. in full satisfaction of claims.

22.     On June 3, 2014, the Bankruptcy Court entered an Order of Discharge for the benefit of Plaintiff under 11 U.S.C. § 1328(a).

23.     Servicing rights to Plaintiff's Mortgage were transferred to RoundPoint Mortgage – effective October 21, 2014.

3

24.     This past spring, Plaintiff obtained her Experian® Credit Report.

25.     Plaintiff discovered RoundPoint Mortgage reported Plaintiff's Loan as 180+ days delinquent.

26.     Plaintiff also discovered RoundPoint Mortgage failed to notate Plaintiff's Loan as discharged in bankruptcy.

27.     Plaintiff submitted dispute(s) to Experian.

28.     Plaintiff's credit dispute letter unmistakably articulated Plaintiff's concerns as well as requested that Experian investigate RoundPoint Mortgage's inaccurate reporting.

29.     Experian notified RoundPoint Mortgage of Plaintiff's credit dispute by sending an automated consumer dispute verification form ("ACDV").

30.     On May 1, 2019, Experian mailed Plaintiff Dispute Results.

31.     Plaintiff's Experian Dispute Results read, in part:

The information you disputed has been verified as accurate; however, information unrelated to your dispute has been updated.

32.     Experian's Dispute Results revealed that RoundPoint Mortgage continued to report Plaintiff's Loan as 180+ days delinquent.

33.     Experian's Dispute Results revealed that RoundPoint Mortgage continued to make zero mention of Plaintiff's Loan having been discharged in bankruptcy.

## DAMAGES

34.     Undeniably, RoundPoint Mortgage's inaccurate reporting of Plaintiff's Loan continues to portray an untruthful and damaging depiction of Plaintiff.

35.     RoundPoint Mortgage's continued inaccurate and materially misleading reporting of Plaintiff's Loan suggested that Plaintiff remained obligated to RoundPoint Mortgage.

4

36.     Moreover, RoundPoint Mortgage's reporting has not been updated to accurately represent that Plaintiff's Loan is discharged in bankruptcy.

37.     RoundPoint Mortgage's continued inaccurate reporting has led Plaintiff to closely monitor her credit.

38.     RoundPoint Mortgage's continued inaccurate reporting has resulted in anxiety, expenditure of monies (in form of postage), expenditure of time, as well as mental anguish.

39.     Furthermore, RoundPoint Mortgage's continued inaccurate reporting has rendered Plaintiff helpless to regain control of her credit standing and creditworthiness.

40.     Plaintiff has been forced to file this case to compel RoundPoint Mortgage to report Plaintiff's Loan accurately.

## CLAIMS FOR RELIEF

**Count I:**
**RoundPoint Mortgage's violation(s) of 15 U.S.C. § 1681 *et seq.***

41.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

42.     The aforementioned credit reports are "consumer reports" as defined by 15 U.S.C. § 1681a(d)(1).

**a.      RoundPoint Mortgage's failure to conduct an investigation**

43.     15 U.S.C. § 1681s-2(b)(1) provides

"[a]fter receiving notice of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –

(A)      Conduct an investigation with respect to the disputed information;

    (B)    Review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2);

    (C)    Report the results of the investigation to the consumer reporting agency;

    (D)    If the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

    (E)    If an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly –

        (i)    Modify that item of information;

        (ii)    Delete that item of information; or

        (iii)    Permanently block the reporting of that item of information.

44.    Upon information and belief, pursuant to 15 U.S.C. § 1681i(a)(2), RoundPoint Mortgage received Plaintiff's credit dispute from Experian.

45.    RoundPoint Mortgage violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information.

46.    RoundPoint Mortgage violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by Experian.

47.    Had RoundPoint Mortgage conducted a reasonable investigation, RoundPoint Mortgage would have discovered that Plaintiff's discharge removed Plaintiff's personal liability on debt owed to RoundPoint Mortgage, and promptly modified those items of information, deleted those items of information or permanently blocked the reporting of that item of information.

48.     RoundPoint Mortgage violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report the results of the investigation to Experian.

49.     RoundPoint Mortgage violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to promptly modify that item of information; delete that item of information; or permanently block the reporting of that item of information.

50.     15 U.S.C. § 1681n provides "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

    (A)     any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

 (2)     such amount of punitive damages as the court may allow; and

 (3)     in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

51.     15 U.S.C. § 1681o provides "[a]ny person who is negligent in failing to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)     any actual damages sustained by the consumer as a result of the failure; and

(2)     in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

50.     RoundPoint Mortgage's complete indifference as to its obligations under the FCRA reveal a conscious disregard for the rights of Plaintiff, and the injuries suffered by Plaintiff are

attended by circumstances of fraud, malice, and wanton and willful conduct, calling for the imposition of punitive damages.

 **WHEREFORE**, Plaintiff requests the following relief:

 a. find RoundPoint Mortgage in violation of 15 U.S.C. §§ 1681s-2(b)(1)(A), 1681s-2(b)(1)(B), 1681s-2(b)(1)(C), and 1681s-2(b)(1)(E).

 b. award any actual damages to Plaintiff as a result of RoundPoint Mortgage's violation;

 c. award any additional damages, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

 d. award any punitive damages, as the Court may allow;

 e. award the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the circumstances; and

 f. award such other relief as this Court deems just and proper.

**COUNT II:**
**RoundPoint Mortgage's violation(s) of 15 U.S.C. § 1692 *et seq.***

 52. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violation(s) of 15 U.S.C. § 1692e(8)**

 53. Section 1692e provides:

> A debt collector may not use false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:

8

(8)     Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

54.     RoundPoint Mortgage violated 15 U.S.C. § 1692e(8) by reporting Plaintiff's Loan as 180+ days delinquent in spite of Plaintiff's bankruptcy discharge.

55.     RoundPoint Mortgage violated 15 U.S.C. § 1692e(8) by failing to inform Experian that Plaintiff's Loan was discharged in bankruptcy.

56.     Plaintiff may enforce the provisions of 15 U.S.C. § 1692e(8) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of -

(1)     any actual damage sustained by such person as a result of such failure;

(2)

(A)     in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)     in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A.     find that RoundPoint Mortgage violated 15 U.S.C. § 1692e(8);

B.     award any actual damage sustained by Plaintiff as a result of RoundPoint Mortgage's violation pursuant to 15 U.S.C. § 1692k(a)(1);

C.     award such additional damages, as the Court may allow, but not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

9

D.      award costs of this action including expenses together with reasonable attorneys'

fees as determined by this Court pursuant to 15 U.S.C. § 1692k(a)(3); and

E.      award such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in

this action so triable of right.

DATED: October 30, 2019                                  Respectfully submitted,

**PAMELA G. ADAMS**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
Mohammed O. Badwan
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com

10