IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAMELA G. ADAMS, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO.  3:19-cv-02580-L |
| ROUNDPOINT MORTGAGE SERVICING CORPORATION, | § § § § | |
| Defendant. | § | |

**DEFENDANT ROUNDPOINT MORTGAGE SERVICING CORPORATION'S ANSWER**

Defendant RoundPoint Mortgage Servicing Corporation ("***RoundPoint***") files this *Answer and Affirmative Defenses* to Plaintiff's Complaint[1] ("***Complaint***") and respectfully shows the Court as follows:

## I.    ANSWER

1. Paragraph 1 of the Complaint does not require a response.

2. RoundPoint admits the allegations in  Paragraph 2 of the Complaint.

3. RoundPoint admits the allegations in  Paragraph 3 of the Complaint.

4. RoundPoint  lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 4 of the Complaint. To the extent further response is required, RoundPoint denies the allegations in Paragraph 4 of the Complaint.

5. RoundPoint admits the allegations in  Paragraph 5 of the Complaint.

6. RoundPoint admits the allegations in  Paragraph 6 of the Complaint.

7. RoundPoint admits the allegations in  Paragraph 7 of the Complaint.

---

[1] Doc. 1.

8. RoundPoint admits the allegations in Paragraph 8 of the Complaint.

9. RoundPoint admits the allegations in Paragraph 9 of the Complaint.

10. RoundPoint admits the allegations in Paragraph 10 of the Complaint except that the suite number for its Dallas office is 210, not E210.

11. RoundPoint admits the allegations in Paragraph 11 of the Complaint.

12. RoundPoint lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 12 of the Complaint as the term "furnisher of information" is not defined in 15 U.S.C. § 1681s-2. To the extent further response is required, RoundPoint denies the allegations in Paragraph 12 of the Complaint.

13. RoundPoint denies the allegations in Paragraph 13 of the Complaint.

14. RoundPoint denies the allegations in Paragraph 14 of the Complaint.

15. RoundPoint admits the allegations in Paragraph 15 of the Complaint.

16. RoundPoint admits the allegations in Paragraph 16 of the Complaint.

17. RoundPoint admits the allegations in Paragraph 17 of the Complaint.

18. RoundPoint admits the allegations in Paragraph 18 of the Complaint.

19. RoundPoint admits the allegations in Paragraph 19 of the Complaint.

20. RoundPoint admits the allegations in Paragraph 20 of the Complaint.

21. RoundPoint admits Plaintiff has accurately quoted portions of the Confirmed Plan.

22. RoundPoint admits the allegations in Paragraph 22 of the Complaint.

23. RoundPoint denies the allegations in Paragraph 23 of the Complaint. The servicing of the mortgage loan transferred to RoundPoint effective October 20, 2014.

24. RoundPoint lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 24 of the Complaint. To the extent further response is required, RoundPoint denies the allegations in Paragraph 24 of the Complaint.

25. RoundPoint lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 25 of the Complaint. To the extent further response is required, RoundPoint denies the allegations in Paragraph 25 of the Complaint.

26. RoundPoint denies the allegations in Paragraph 26 of the Complaint.

27. RoundPoint lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 27 of the Complaint. To the extent further response is required, RoundPoint denies the allegations in Paragraph 27 of the Complaint.

28. RoundPoint lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 28 of the Complaint as Plaintiff has not attached the letter to which Plaintiff refers in this paragraph nor has Plaintiff alleged facts sufficient for RoundPoint to determine which letter Plaintiff is referencing. To the extent further response is required, RoundPoint denies the allegations in Paragraph 28 of the Complaint.

29. RoundPoint admits the allegations in Paragraph 29 of the Complaint.

30. RoundPoint lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 30 of the Complaint. To the extent further response is required, RoundPoint denies the allegations in Paragraph 30 of the Complaint.

31. RoundPoint lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 31 of the Complaint. To the extent further response is required, RoundPoint denies the allegations in Paragraph 31 of the Complaint.

32. RoundPoint lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 32 of the Complaint. To the extent further response is required, RoundPoint denies the allegations in Paragraph 32 of the Complaint.

33. RoundPoint lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 33 of the Complaint. To the extent further response is required, RoundPoint denies the allegations in Paragraph 33 of the Complaint.

34. RoundPoint denies the allegations in Paragraph 34 of the Complaint.

35. RoundPoint denies the allegations in Paragraph 35 of the Complaint.

36. RoundPoint denies the allegations in Paragraph 36 of the Complaint.

37. RoundPoint denies that it submitted "continued inaccurate reporting" as alleged in Paragraph 37 of the Complaint, and lacks knowledge or information relating to whether Plaintiff has "closely monitor[ed] her credit." To the extent further response is required, RoundPoint denies the allegations in Paragraph 37 of the Complaint.

38. RoundPoint denies that it submitted "continued inaccurate reporting" as alleged in Paragraph 38 of the Complaint, and lacks knowledge or information relating to whether Plaintiff has suffered "anxiety, expenditure of monies (in form of postage), expenditure of time, as well as mental anguish." To the extent further response is required, RoundPoint denies the allegations in Paragraph 38 of the Complaint.

39. RoundPoint denies that it submitted "continued inaccurate reporting" as alleged in Paragraph 39 of the Complaint, and lacks knowledge or information relating to whether Plaintiff has been "rendered . . . helpless to regain control of her credit standing and creditworthiness" as alleged in Paragraph 39 of the Complaint.

40. RoundPoint denies the allegations in Paragraph 40 of the Complaint.

41. Paragraph 41 of the Complaint does not require a response.

42. RoundPoint lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 42 of the Complaint as Plaintiff has not attached the "credit reports" to which Plaintiff refers. To the extent further response is required, RoundPoint denies the allegations in Paragraph 42 of the Complaint.

43. RoundPoint admits Plaintiff has accurately quoted portions of 15 U.S.C § 1681s-2(b)(1), denies any allegation or implication that RoundPoint did not comply with same, and denies all other allegations in Paragraph 43 of the Complaint.

44. RoundPoint admits it received a credit dispute from Experian and denies all other allegations in Paragraph 44 of the Complaint.

45. RoundPoint denies the allegations in Paragraph 45 of the Complaint.

46. RoundPoint denies the allegations in Paragraph 46 of the Complaint.

47. RoundPoint denies the allegations in Paragraph 47 of the Complaint.

48. RoundPoint denies the allegations in Paragraph 48 of the Complaint.

49. RoundPoint denies the allegations in Paragraph 49 of the Complaint.

50. RoundPoint admits Plaintiff has accurately quoted portions of 15 U.S.C § 1681n, denies any allegation or implication that RoundPoint did not comply with same, and denies all other allegations in Paragraph 50 of the Complaint.

51. RoundPoint admits Plaintiff has accurately quoted portions of 15 U.S.C § 1681o, denies any allegation or implication that RoundPoint did not comply with same, and denies all other allegations in Paragraph 51 of the Complaint.

52. RoundPoint denies the allegations in Paragraph 52, incorrectly numbered as Paragraph 50 of the Complaint. RoundPoint further denies that Plaintiff is entitled to any of the relief sought as stated in subsections (a) through (f) on Page 8 of the Complaint.

53. Paragraph 53 of the Complaint, incorrectly numbered as Paragraph 52 of the Complaint, does not require a response.

54. RoundPoint admits Plaintiff has accurately quoted portions of 15 U.S.C § 1692e as stated in Paragraph 54 of the Complaint, incorrectly numbered as Paragraph 53 of the Complaint, denies any allegation or implication that RoundPoint did not comply with same, and denies all other allegations in Paragraph 54 of the Complaint, incorrectly numbered as Paragraph 53 of the Complaint.

55. RoundPoint denies the allegations in Paragraph 55 of the Complaint, incorrectly numbered as Paragraph 54 of the Complaint.

56. RoundPoint denies the allegations in Paragraph 56 of the Complaint, incorrectly numbered as Paragraph 55 of the Complaint.

57. RoundPoint admits that the Fair Debt Collection Practices Act authorizes the recovery of certain damages, denies Plaintiff is entitled to recover any damages from RoundPoint, and denies all allegations in Paragraph 57 of the Complaint, incorrectly numbered as Paragraph 56 of the Complaint. RoundPoint further denies that Plaintiff is entitled to any of the relief sought as stated in subsections (A) through (E) on Pages 9-10 of the Complaint.

58. Plaintiff's demand for a jury trial does not require a response.

59. Except as expressly admitted, qualified, or otherwise pleaded, RoundPoint denies each and every matter and thing alleged in the Complaint, including all section headings and Plaintiff's requests for relief.

## II.     AFFIRMATIVE DEFENSES

And now, setting forth their affirmative defenses, without conceding or assuming the burden of proof on any matter, RoundPoint states:

60. Some or all of Plaintiff's claims are barred, in whole or in part, because RoundPoint's conduct was not the producing, nor the proximate, cause of Plaintiff's alleged losses, damages, and/or injuries.

61. Some or all of Plaintiff's claims are barred, in whole or in part, because Plaintiff is unable to prove her alleged losses, damages, and/or injuries in accordance with Texas or federal law.

62. Some or all of Plaintiff's claims are barred by her failure to perform her own contractual obligations.

63. Plaintiff has failed to state a claim for which relief can be granted.

64. Plaintiff has not suffered any injury for which damages are recoverable.

65. Plaintiff has failed to plead sufficient facts to satisfy the pleading standard imposed under Rule 8 of the Federal Rules of Civil Procedure.

66. RoundPoint's acts or omissions were not the cause of injury, damage, or loss to Plaintiff, if any.

67. Some or all of Plaintiff's claims are barred by the economic loss rule.

68. RoundPoint does not constitute a "Debt Collector" under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a(6).

**WHEREFORE**, RoundPoint respectfully prays that Plaintiff take nothing by reason of the claims as alleged and, further, that RoundPoint recover its attorneys' fees and such other and further relief to which this Court deems it to be justly entitled.

Respectfully submitted,

By: */s/ Emily G. Stroope*
**EMILY G. STROOPE**
State Bar No. 24070692
estroope@mcglinchey.com
**DANIEL P. TROIANO**
State Bar No. 24106520
dtroiano@mcglinchey.com
**MCGLINCHEY STAFFORD, PLLC**
Three Energy Square
6688 North Central Expressway, Suite 400
Dallas, Texas 75206
(214) 445-2445 Tel
(214) 445-2450 Fax

*Attorneys for Defendant RoundPoint Mortgage Servicing Corporation*

## CERTIFICATE OF SERVICE

I certify that a correct copy of the foregoing was served on counsel of record, as indicated below, and filed with the Clerk of the Court via the CM/ECF filing system on December 17, 2019.

*Via CM/ECF*
Joseph S. Davidson
Mohammed O. Badwan
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com

*Attorneys for Plaintiffs*

*/s/ Emily G. Stroope*
Emily G. Stroope

---